Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE C. CARBAJAL on behalf of himself and all
other persons similarly situated,

                Plaintiffs,                     **COMPLAINT**
    -against-

MILLER BROS. LANDSCAPE MAINTENANCE, LLC,
SCOTT W. MILLER and EDWARD A. MILLER,

                Defendants.
-----------------------------------------------------------------------X

       Plaintiff, JOSE C. CARBAJAL ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, MILLER BROS. LANDSCAPE MAINTENANCE, LLC ("MILLER BROS."), SCOTT W. MILLER and EDWARD A. MILLER (collectively as "Defendants"), alleges as follows:

### NATURE OF THE CLAIM

    1.    Plaintiff brings this action against Defendants on behalf of himself and all other persons similarly situated to recover unpaid premium overtime wages owed for hours worked in excess of 40 hours per workweek under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiff

1

also brings this action to recover statutory minimum wages, spread-of-hours pay, and statutory damages for Defendants' violation of the Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. The Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

4. Defendant, MILLER BROS., is a domestic limited liability company with offices at 69 Woodcock Road, Westbury, New York 11590.

5. At all relevant times, Defendant MILLER BROS. was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

6. At all times relevant, Defendant, MILLER BROS., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

7. Defendant, SCOTT W. MILLER, is and/or was a member of MILLER BROS., had authority to make payroll and personnel decisions for the company, was active in the day to day management of the company, including the payment of wages to the Plaintiff and determining

what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

8. Defendant EDWARD A. MILLER, is and/or was a member of MILLER BROS., had authority to make payroll and personnel decisions for the company, was active in the day to day management of the company, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

9. Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and New York State Labor Law § 190(2).

## FACTS

10. Plaintiff was employed by Defendants as a landscape laborer from in or about April 2006 to in or about November 2016. Plaintiff regularly worked Monday to Friday from 7:00 a.m. to 5:40 p.m. Defendants paid Plaintiff a weekly salary of $400.00 per week, an amount which fell below the applicable minimum wage under state law in 2015 and 2016.

11. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week, but Defendants failed to pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked after 40 hours per workweek.

12. Throughout his employment with Defendants, Plaintiff regularly worked a shift that lasted longer than 10 hours. Defendants willfully failed to pay Plaintiff and Class Members an additional hour's pay at the minimum wage for each day they worked a shift lasting longer than 10 hours in violation of the New York Labor Law and supporting regulations.

13. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiff daily and weekly.

14. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate as required by New York Labor Law § 195(1).

15. Defendants failed to provide Plaintiff with accurate statements setting forth the number of hours worked each week, the number of overtime hours worked, and the amount of his wages each pay period as required by New York Labor Law § 195(3).

## COLLECTIVE ACTION ALLEGATIONS

16. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

17. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

18. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as landscape laborers at any time during the three (3) years prior to the filing of their respective consent forms.

4

19. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings claims on behalf of themselves and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as field technicians and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

21. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

22. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as field technicians and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint.

23. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wages for all hours worked;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours pay when they worked a shift lasting longer than 10 hours;

(d) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(e) whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(f) whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(g) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(h) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members minimum wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(i) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members spread of hours pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(j) whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiffs and Class Members;

(k) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(l) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(m) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

25. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

27. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

29. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

30. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

31. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

32. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

34. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

35. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants willfully failed to pay Plaintiff and Class Members compensation at the statutory minimum wage in violation of the New York Labor Law and supporting regulations.

38. Defendants' failure to pay compensation at the statutory minimum wage was willful and lacked a good faith basis within the meaning of the New York Labor Law §198, §663 and supporting regulations.

39. Plaintiff and Class Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS)

40. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants willfully failed to pay Plaintiff and Class Members an additional hour's pay at the minimum wage for each day they worked a shift lasting longer than 10 hours in violation of the New York Labor Law and supporting regulations.

42. Defendants' failure to pay spread of hours was willful and lacked a good faith basis within the meaning of the New York Labor Law §198, §663 and supporting regulations.

43. Plaintiff and Class Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and Class Members for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

46. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

47.    Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

48.    Due to Defendants' violations of the New York Labor Law, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

49.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50.    Defendants failed to provide Plaintiff and Class Members with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York Labor Law.

51.    Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by Section 195(1) of the New York Labor Law, Plaintiff and Class Members are entitled to statutory damages, reasonable attorneys' fees and costs of the action.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

52.    Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs.

53.    Defendants failed to provide Plaintiff and Class Members with accurate statements of their wages earned, including their correct hourly rates of pay and their amount of regular and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

54. Due to Defendants' failure to provide Plaintiff and Class Members with an accurate wage statement with their wages as required by New York Labor Law § 195(3), Plaintiff and Class Members are entitled to statutory damages, reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Unpaid minimum wages, overtime wages, and spread-of-hours pay;

iv. Damages for violations of the Wage Theft Prevention Act;

v. Certification of a class action pursuant to Fed. R. Civ. P. 23;

vi. Pre- and post-judgment interest as permitted by law;

vii. All attorneys' fees and costs incurred in prosecuting these claims; and

viii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 12, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By: _____

Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, NY 11788
(631) 257-5588
Promero@RomeroLawNY.com

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Miller Bros Landscape Maintenance, LLC and Scott Miller to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____  
Jose C. Carbajal

12/11/18  
Date