UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE C. CARBAJAL, *on behalf of himself and*
*all other persons similarly situated*,

                                 Plaintiff,

       -against-

MILLER BROS. LANDSCAPE MAINTENANCE, LLC,
SCOTT MILLER LANDSCAPE MAINTENANCE, INC.,
SCOTT W. MILLER, EDWARD A. MILLER, *and*
ROSE MARIE MILLER,

                                Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18-CV-7070-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Jose C. Carbajal ("Carbajal") brought this action individually and on behalf of others similarly situated against Miller Bros. Landscape Maintenance, LLC ("Miller Bros."),[1] Edward A. Miller, Scott W. Miller, Rose Marie Miller, and Scott Miller Landscape Maintenance, Inc. (collectively "Defendants") alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., ("FLSA") and state labor law. (Am. Compl. dated Mar. 5, 2019, Dkt. No. 8 ¶ 1).

      On May 28, 2019, Carbajal filed a motion to dismiss the Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) as against defendants Scott Miller Landscape Maintenance, Inc., Scott W. Miller, Edward A.

---

[1] Carbajal filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) as against Miller Bros., which did not appear or file any answer. Millers Bros. has been dismissed without prejudice. (Notice of Voluntary Dismissal dated May 28, 2019, Dkt. No. 17); *see Blaize-Sampeur v. McDowell*, No. 05-CV-4275, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) ("[D]istrict courts within the Second Circuit have . . . adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety.") (collecting cases).

Miller, and Rose Marie Miller (the "Millers").[2] (Mot. to Dismiss dated May 28, 2019, Dkt. No. 18 at 1). The Millers oppose the motion, in part, arguing that any dismissal should be *with* prejudice. (Resp. to Mot. to Dismiss dated June 5, 2019 ("Defs.' Br."), Dkt. No. 19 at 3). On August 29, 2019, the motion was referred by the Honorable Margo K. Brodie. Because a plaintiff is generally entitled to withdraw a complaint voluntarily, and since the Millers have shown no prejudice from such a voluntary withdrawal, it is respectfully recommended that the motion to dismiss without prejudice be granted.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Carbajal commenced this FLSA and state labor law action on December 12, 2018. (Compl. dated Dec. 12, 2018, Dkt. No. 1). The Complaint named Edward A. Miller, Scott W. Miller, and Miller Bros. as defendants. (*Id.* at 1). Carbajal alleged he was employed by them and sought recovery for alleged minimum wage, overtime, and other labor law violations. (*Id.* ¶¶ 10–15). In the Answer to the Complaint, these defendants challenged their status as defendants. (Answer to Compl. dated Feb. 13, 2019, Dkt. No. 7 ¶¶ 15–22). In particular, they averred that Edward A. Miller and Scott W. Miller were the sons of Miller Bros.' co-founder Edward W. Miller, and the two sons never "had any control over the workplace conditions, operations, personnel, payroll or compensation" at Miller Bros. (*Id.* ¶¶ 18, 20). Edward W. Miller passed away in October 2016, and these defendants attached a copy of his death certificate to the Answer. (*Id.* ¶ 16; Death Certificate of Edward W. Miller dated Oct. 14, 2016, attached as Ex. to Answer to

---

[2] Counsel for Carbajal moved, in the alternative, for leave to file a motion to withdraw as counsel. (*See* Mot. to Dismiss at 1). He may file a motion—to the extent he believes necessary—after any decision by Judge Brodie resolving this Report and Recommendation. Counsel should be aware that this Court sees, at this time, no reason to permit counsel to withdraw should the Amended Complaint be dismissed with *or* without prejudice because either choice will lead to the closing of this case.

Compl., Dkt. No. 7). On March 5, 2019, Carbajal filed an Amended Complaint against the same defendants as in the original Complaint, but added Rose Marie Miller, who is Edward W. Miller's widow, and Scott Miller Landscape Maintenance, Inc. (Am. Compl., Dkt. No. 8 ¶¶ 4–13).

On March 7, the Honorable Joan M. Azrack held an initial conference. (Min. Entry for Civil Cause for Initial Conference dated Mar. 7, 2019, Dkt. No. 11). Judge Azrack and the parties discussed whether the correct Defendants had been named. (Tr. dated Mar. 7, 2019 ("Mar. 7 Tr."), Dkt. No. 21 at 3:02–5:19, 7:22–11:08).

On March 19, the Millers filed an Answer to the Amended Complaint. (Answer to Am. Compl. dated Mar. 19, 2019, Dkt. No. 13). They attached to the Answer affidavits of Rose Marie Miller, Scott W. Miller, and Edward A. Miller, and, again, Edward W. Miller's death certificate. (Aff. of Rose Marie Miller dated Mar. 19, 2019, attached as Ex. A to Answer to Am. Compl., Dkt. No. 13; Aff. of Scott W. Miller dated Mar. 19, 2019, attached as Ex. B to Answer to Am. Compl., Dkt. No. 13; Aff. of Edward A. Miller dated Mar. 19, 2019, attached as Ex. C to Answer to Am. Compl., Dkt. No. 13; Death Certificate of Edward W. Miller dated Oct. 14, 2016, attached as Ex. D to Answer to Am. Compl., Dkt. No. 13).

This case was reassigned to Judge Brodie and the undersigned on March 22, 2019. The Court held a status conference on April 29, 2019, and questioned the basis for Carbajal to name Scott Miller Landscape Maintenance, Inc. as a defendant. (Tr. dated Apr. 29, 2019 ("Apr. 29 Tr."), Dkt. No. 20 at 8:16–8:18). The Court issued an order directing Carbajal to explain by May 13, 2019, whether he intended to maintain the lawsuit against all of the named Defendants and the basis for doing so. (Status Report Order dated April 29, 2019).

On May 13, 2019, Carbajal filed a status report stating that he did not intend to maintain this lawsuit against any of the Defendants. (Status Report dated May 13, 2019, Dkt. No. 16). Carbajal indicated he had provided a proposed stipulation of dismissal for the Millers to execute. (*Id.* at 1). "With respect to Defendant Miller Bros. Landscape Maintenance, LLC, an entity that never appeared in this action," Carbajal intended "to submit a notice of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) simultaneously with a stipulation of dismissal pertaining to the other Defendants." (*Id.*). The Court directed Carbajal's counsel to file the stipulations of dismissal by May 28, 2019. (Order dated May 14, 2019).

On May 28, 2019, Carbajal filed the notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) for Miller Bros. (Notice of Voluntary Dismissal, Dkt. No. 17). The proposed stipulation of dismissal was not signed by the Millers; as a result, Carbajal filed a motion to dismiss the Millers without prejudice pursuant to Rule 41(a)(2). (*See* Mot. to Dismiss). In his motion, Carbajal argues that dismissal without prejudice is appropriate because although the Millers produced documents indicating that Carbajal sued the incorrect parties, without discovery on the veracity of these documents, dismissal with prejudice would be inappropriate.[3] (*Id.* at 2).

The Millers, in responding to the motion to dismiss, ask that the case be dismissed *with* prejudice instead "so that there is a final resolution of this matter for the

---

[3] Carbajal also asserts that his FLSA claims should be dismissed without prejudice because dismissal with prejudice would require Court approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Mot. to Dismiss at 2). The Millers respond that *Cheeks* only applies to private stipulated dismissals of FLSA claims and that even if *Cheeks* did apply, Carbajal would need to file a motion. (Defs.' Br. at 3). The parties have not settled the case and a stipulation of dismissal was not filed, and thus the Court need not reach this issue.

4

[Millers] who[,]" they argue, were sued in bad faith. (Defs.' Br. at 3). They also argue that Carbajal has "been afforded multiple opportunities to advise this Court as to the good faith basis to include the [Millers] in this action," and Carbajal "and his attorneys have failed to do so, which is sanctionable conduct." (*Id.*).

They also argue Edward A. Miller was only included as a defendant because of a similarity in name with the late Edward W. Miller and that Carbajal admits as much. (*Id.*). The Millers contend Carbajal knew Edward W. Miller had died two years before the commencement of the lawsuit and Carbajal's counsel had "unequivocally" known he had died because of the attachment of his death certificate to the Answer to the Complaint. (*Id.*). While the Millers refer to sanctions repeatedly, they did not file a cross-motion for sanctions, nor do they cite to any case authority or statute to support the imposition of sanctions.

On August 29, 2019, Judge Brodie referred Carbajal's motion to dismiss to the undersigned. (Order Referring Mot. dated Aug. 29, 2019).

## DISCUSSION

"A Rule 41(a)(2) dismissal, which is made at the 'plaintiff's request,' requires court approval. It is not a dismissal as of right. And court approval must be on terms that 'the court considers proper.'" *Guarnero-Ruiz v. 36-03 Food, LLC*, No. 17-CV-3178, 2017 WL 7049543, at *5 (E.D.N.Y. Dec. 11, 2017) (quoting Rule 41(a)(2)) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). As such, "[t]he grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotations omitted)). Unless the court orders otherwise, a Rule 41(a)(2) dismissal is *without* prejudice. *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 211

5

(2d Cir. 2005). "The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint at law . . . ." *Jones v. SEC*, 298 U.S. 1, 19 (1936). Accordingly, "[a]lthough voluntary dismissal without prejudice is not a matter of right, there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted." *Ascentive, LLC v. Op. Corp.*, No. 10-CV-4433, 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012); *see also Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

"[T]wo tests have developed in the Second Circuit for determining whether dismissal without prejudice would be inappropriate[.]" *GFE Glob. Fin. & Eng'g Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013); *see also Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). One test examines whether defendants would suffer some plain legal prejudice from a without-prejudice dismissal, beyond the prospect of a second lawsuit. *Camilli*, 436 F.3d at 123 (citing *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The second "test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli*, 436 F.3d at 123); *see Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990). *Zagano* requires consideration of: (1) "the plaintiff's diligence in bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with

6

another, is dispositive." *Ctr. for Discovery, Inc. v. D.P.*, No. 16-CV-3936, 2018 WL 1583971, at *5 (E.D.N.Y. Mar. 31, 2018) (quoting *Kwan*, 634 F.3d at 230).[4]

The Millers request that this action be dismissed *with* prejudice. They do not cite or refer to Rule 41(a)(2) or refer to the relevant tests for rebutting the presumption against a with-prejudice dismissal. Based on its review of the record, the Court concludes that under either test, without-prejudice dismissal is appropriate.

As for the first test, the Millers have not demonstrated any plain legal prejudice flowing from a without-prejudice dismissal. "Plain legal prejudice includes the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed. For example, this Circuit has explained, plain legal prejudice exists when the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Ascentive*, 2012 WL 1569573, at *2 (citations and quotations omitted). This is not the case here where there are no counterclaims asserted or alluded to in the two Answers filed. (*See* Answer to Compl. dated Feb. 13, 2019, Dkt. No. 7; Answer to Am. Compl. dated Mar. 19, 2019, Dkt. No. 13); *see, e.g.*, *Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) (finding no legal prejudice where the defendant "has not alleged any counterclaims or defenses that would be affected by dismissal of the action"). All the Millers point to is the fact that there is no good faith basis to include

---

[4] The *Zagano* factors apply where "the moving party is seeking to have the 'unfettered opportunity to renew claims' against the non-moving party." *Paulino*, 320 F.R.D. at 110 (quoting *Camilli*, 436 F.3d at 123). While Carbajal does not express any intent to renew his lawsuit, the effect of a without-prejudice dismissal would be to permit a second lawsuit; as such the Court, analyzes the *Zagano* factors.

7

them in any future lawsuit. (Defs.' Br. at 3). That may be, but that is not legal prejudice. No legal claims asserted (or available to the Millers) would be impacted by permitting Carbajal the opportunity—which seems unlikely to be exercised—to file another lawsuit in the future. The harm from such a future lawsuit is tangible—including inconvenience, cost, and harassment—but it is not sufficient to warrant a dismissal with prejudice. *See, e.g.*, *Paulino*, 320 F.R.D. at 109 ("[S]tarting a litigation all over again does not constitute legal prejudice." (quoting *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996)); *Empire United Lines Co. v. Presniakovas*, No. 15-CV-557, 2017 WL 4233032, at *3 (E.D.N.Y. Sept. 22, 2017) ("Here, dismissal under this line of authority would be proper, as Defendants make no argument about prejudice aside from citing the possibility that they might be subject to a duplicative action at some point in the future.").

There is a good reason for such an outcome. "Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "In contrast, when a lawsuit is voluntarily dismissed *with prejudice* . . . attorney's fees have almost never been awarded." *Id.* at 133–34. A defendant who objects to costs from litigation following a without-prejudice dismissal has a remedy: attorney's fees. "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id.* at 133. As such, invoking cost and expense alone does not justify transforming a without-prejudice dismissal into one with prejudice. To be sure, the Millers also argue that Carbajal improperly included most of them in the lawsuit and failed to advise the Court of a good faith basis to include them in this action. (Defs.' Br. at 3). Raising those issues is what led to the dismissal of the claim against them; should

8

they wish to avoid duplicative expense from future litigation, they can eliminate one set of fees by seeking an award in this case.[5] Or if, as they seem to suggest, any future lawsuit would be sanctionable, (*see* Defs.' Br. at 3), then the remedy would be to seek sanctions, like an award of fees, in any subsequent litigation. While issues were raised in court conferences by the Millers about the claims asserted by Carbajal, the Court undertook no evaluation or determination of the merits. The Court cannot say, at this junction, what claims may be in a future lawsuit and against whom. The existence of curative remedies for the Millers in a future lawsuit, including sanctions, makes it improper—when no legal prejudice has been shown—to transform the dismissal of Carbajal's claims before the Court now to one with prejudice.

As for the second test, the *Zagano* factors also do not justify a with-prejudice dismissal.

The first factor weighs in favor of Carbajal because Carbajal acted with acceptable "diligence in bringing the motion" to dismiss pursuant to Rule 41(a)(2). "Regarding [plaintiff's] diligence in bringing its motion, the Court examines not only the length of time an action has been pending, but also whether the efforts of the party were geared toward an efficient resolution." *Elberg*, 2012 WL 1887126, at *3 (citation and quotations omitted). "Another measure of diligence is whether a plaintiff moves to dismiss the complaint expediently after the event that has led plaintiff to no longer

---

[5] The Court is not suggesting that fees are appropriate here or whether the Millers' inclusion of a requests for fees in its Answers were appropriate. (*See* Answer to Compl. ¶ 22; Answer to Am. Compl. ¶ 23). "A fee award . . . is not automatic. . . . [T]here appears to be a split within this Circuit, with some courts requiring a showing of bad faith or vexatious conduct on behalf of the plaintiff before granting fees." *Hinfin Realty Corp. v. Pittston Co.*, No. 00-CV-4285, 2014 WL 1653209, at *1 (E.D.N.Y. Apr. 23, 2014) (citations omitted).

9

pursue the action." *Id*. This case was first filed approximately a year ago. (Compl. dated Dec. 12, 2018, Dkt. No. 1). Carbajal could have dismissed the case upon the first indication that not all those listed in the Complaint were proper defendants. This occurred on February 13, 2019, when Scott W. Miller and Edward A. Miller filed their Answer. (*See* Answer to Compl. ¶¶ 18–21). Thereafter, Carbajal did file an Amended Complaint, which the Millers answered and included further support for their arguments. But the next substantive step Carbajal took after Judge Azrack raised her concerns at the initial conference was towards voluntary dismissal of his suit. After the initial conference, (Min. Entry dated Mar. 7, 2019, Dkt. No. 11), the case was transferred from Central Islip to Brooklyn, (*see* Case Reassignment dated Mar. 22, 2019). This Court then held a status conference, (Min. Entry dated Apr. 29, 2019), at which Carbajal's counsel stated that he was taking steps to ascertain whether the case could continue. (*See* Apr. 29 Tr. at 3:04–3:12 ("I spoke with my client, and I reviewed some affidavits that were provided by those defendants. My client disputes a lot of those allegations. So I requested documents from the defendants which was provided today, and what I would like to ask for actually is a couple of weeks to sit down and meet with my client, and then provide a status report as to what course this case will take.")). Carbajal, thereafter, complied with Court-imposed deadlines to inform all parties about how he intended to proceed. (*See* Status Report Order dated Apr. 29, 2019 ("Plaintiff is directed to file a status report by 5/13/2019 informing the Court whether he intends to maintain the lawsuit against the current Defendants and the basis for doing so." (emphasis removed)). That is, the Court gave Carbajal two weeks to determine whether—in light of the factual issues asserted by Millers—the case should continue, and Carbajal told the Court in a timely fashion that he intended to discontinue the case

10

against all Defendants. (*See* Status Report of Jose C. Carbajal dated May 13, 2019, Dkt. No. 16 at 1 ("The Court directed the Plaintiff to submit a status report by May 13, 2019 indicating whether Plaintiff intended to maintain this lawsuit against the Defendants. Plaintiff now writes to state that he does not intend to do so. Plaintiff has provided Defendants with a proposed stipulation of dismissal . . . ."); Order dated May 14, 2019 ("In light of the status report [Dkt. No. 16] filed by Plaintiff's counsel, Plaintiff is directed to file the stipulations of dismissal by 5/28/2019."); Mot. to Dismiss dated May 28, 2019, Dkt. No. 18). This first factor, therefore, weighs in favor of Carbajal. *See, e.g.*, *Coffaro v. Crespo*, No. 08-CV-2025, 2013 WL 623577, at *2 (E.D.N.Y. Feb. 19, 2013) ("At the May 31, 2012 status conference, Plaintiff requested leave to move for dismissal. Although Plaintiff waited a year following the Second Circuit's Order before filing his motion, Plaintiff's motion was the next step taken in the case, and the Court sees no indication in the court records that any wasteful litigation efforts were undertaken in the interim." (quotations omitted)).

The second factor, which considers "any undue vexatiousness on plaintiff's part" also does not warrant with-prejudice dismissal. "Vexatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive." *Luis v. Marabella Pizza, LLC*, No. 18-CV-4052, 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4261616 (Sept. 9, 2019); *Rent-A-Ctr., Inc. v. Wilbur*, No. 10-CV-1413, 2011 WL 891144, at *4 (N.D.N.Y. Mar. 11, 2011) ("As with the diligence factor, courts find 'ill-motive' where plaintiff has assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal."). At both conferences, counsel for the Millers raised doubts as to whether Carbajal's allegations had a good faith basis. (*See, e.g.*, Mar. 7 Tr. at 6:02–6:10; Apr. 29

11

Tr. at 5:14–5:19). He did not discontinue the action after either Answer was filed, nor after first conference, but he did after the second conference. The filing of the Amended Complaint could have been avoided; however, by itself that act is not evidence of harassment or improper motive, and the Millers do not identify any such evidence. This factor does not favor with-prejudice dismissal. *See, e.g.*, *GFE Glob.*, 291 F.R.D. at 37 (finding second *Zagano* factor favored plaintiff, where defendants "failed to identify any evidence of ill-will that might support a finding of vexatiousness"); *Empire United Lines*, 2017 WL 4233032, at *3 ("Although the case might have been avoided had Plaintiff been more cautious in its review of its own bank records before filing suit, the Court is not convinced that Plaintiff's motive in bringing suit was improper.").

      The third and fourth factors weigh in favor of dismissal without prejudice. That is, "the defendant's efforts and expense in preparation for trial" have been minimal, and therefore so would the "the duplicative expense of relitigation." The parties have not exchanged formal discovery. The Millers have sent Carbajal limited documentation in an effort to get Carbajal to drop the suit. (*See* Redacted Tax Returns & Timesheets/ Paycheck Stubs dated June 5, 2019, attached as Ex. to Defs.' Br., Dkt. No. 19). Those documents will inform any attempts by Carbajal to refile the lawsuit and could be used by the Millers to dismiss a similar action on the merits. Only two conferences have been held, and the current motion before the Court required only short letter submissions. While the Court recognizes the burden and inconvenience felt by the Millers, the development and expense of this litigation has been minimal. "Where cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants." *Krulls v. CIRG, LLC*, No. 09-CV-806, 2011 WL 2470471, at *2 (N.D.N.Y. June 20, 2011); *see, e.g.*, *Marabella Pizza*, 2019 WL 4261946, at *3 ("[T]here

12

has been an exchange of document discovery, but the production was minimal. There is no indication that any depositions were taken, no dispositive motions were filed, and no trial preparation was commenced." (citation omitted)); *Brinn v. Hofstra Univ.*, No. 15-CV-145, 2015 WL 7756126, at *2 (E.D.N.Y. Dec. 1, 2015) ("Little to no discovery took place and the . . . defendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter.").

Finally, Carbajal's reason for seeking dismissal is adequate. He states that the Millers have produced information indicating he "has sue[d] incorrect parties because they contend they were not his employer." (Mot. to Dismiss at 2). The acknowledgement of direct challenges to basic allegations in his Amended Complaint is a valid explanation for wanting to withdraw the case.

For these reasons, while perhaps unfortunate, Carbajal's inclusion of certain of the Millers does not warrant a with-prejudice dismissal under Rule 41(a)(2).

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Carbajal's motion be granted and the case be dismissed without prejudice pursuant to Rule 41(a)(2).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this Report and Recommendation. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

13

magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision.").

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge

Dated: January 3, 2020
      Brooklyn, New York

14